BOYD, Chief Justice,
dissenting.
I dissent to the Court’s decision because I believe that the test of conclusiveness laid down by Hallman sets up too high a hurdle for those legitimately seeking relief from judgments based on new evidence. I believe it would be in the better interest of the citizens and the courts of this state if the applicable test were framed in terms of reasonable probability of a different outcome.
Under the test of reasonable probability that I would apply, the petition for leave to file for writ of error coram nobis was sufficient for the appellate court to direct that the trial court entertain the petition and hold an evidentiary hearing.
Courts of justice are charged with the duty of convicting the guilty and acquitting the innocent. Procedures for revisiting possibly erroneous judgments in criminal *213 cases should not be so restrictive that they are never really available. I therefore dissent.